UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

In re:
Gary L. Schley                              Chapter 12
Julie M. Schley,                            Bankruptcy No. 10-03252 S
    Debtors.

ORDER RE: MOTION TO AVOID LIENS

The matter before the court is the debtors' motion to avoid the liens of Peoples Bank, Cooperative Credit Company, and Ag Quest Financial Services in farm machinery and equipment pursuant to 11 U.S.C. § 522(f)(1)(B).  Hearing was held February 15, 2011 in Sioux City.  Donald H. Molstad appeared as attorney for the debtors.  Peoples Bank was represented by attorney Rebecca Nelson.  Attorney Joel Vos appeared for Cooperative Credit Company.  Ag Quest Financial Services did not resist the motion or appear for the hearing.

At the conclusion of the hearing, the court provided time for the parties to file briefs. Only Cooperative Credit filed a brief (doc 51). On March 17, Peoples Bank withdrew its objection to the debtors' motion.

The court now issues its findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

Findings of Fact

Gary and Julie Schley filed their Chapter 12 petition on December 3, 2010. The Schleys have had a farming operation throughout the 16 years of their marriage. They have three school-aged children.

The Schleys live in Sioux Center, where Julie Schley has been a long-time employee of the school district. For the last three years she has been a school principal.

Until one or two years ago, the Schleys raised cattle as part of their farm operation, and Julie Schley helped with the cattle to some extent. They do not raise row crops, such as corn or soybeans. Currently their main source of farm income is a custom hog operation. The hog sites are in Lone Rock and Titonka, both of which are in Kossuth County, about two hours away from Sioux Center. At each hog site there are about four acres planted in alfalfa, which the Schleys cut and bale for hay. They try to cut the crop three times per year, with cuttings about four weeks apart. In the past, the Schleys fed the alfalfa to their cattle, but they do not intend to resume raising cattle. Julie Schley said that most of the alfalfa crop from 2010 is stored and has not been sold.

Mrs. Schley's contract with the school district requires her to work 210 days, which includes 10 days prior to the beginning of the school year and 10 days after the school year ends. She helped her husband to sell hogs once, but otherwise is

not involved with the hog operation. During the summer months she helps with the alfalfa crop. The number of times she has gone to the farm sites has varied, but she estimated it has been up to 12 times per summer. Based on a percentage of the number of bales harvested, she estimated that she helped with thirty percent of the crop in the summer of 2010.

Julie Schley has operated a number of pieces of equipment and has done a variety of tasks for the farming operation. She has run a four-wheeler for spraying weeds, transported hay with a hay rack pulled by either a tractor or pickup truck, unloaded hay, delivered feed, run a skid loader, and she has done mowing. She said she is proficient with the skid loader. She does bookkeeping work and balances the checkbook. She has discussed the completion of financial statements with her husband, has met with Bank loan officer Mark Vermeer, and signed two loans with Peoples Bank. She has discussed farm matters with feed vendors, Heartland Electric, veterinarians, and hired laborers.

The Schleys claimed the following jointly owned items of farm machinery and equipment exempt as tools of the trade:

| | |
|---|---:|
| IH 806 tractor | $3,500 |
| Hay swather | 4,000 |
| Skid loader | 4,500 |
| Hay racks | 1,200 |
| Honey wagon | 100 |
| Manure spreader | 9,000 |

Although the items total $22,300 in value, the Schleys claimed an exemption to the extent of $20,000, the amount allowed by Iowa exemption law for joint debtors engaged in farming.[1]  No objections were filed.

## Discussion

The debtors seek to avoid the creditors' liens under 11 U.S.C. § 522(f)(1), which provides in relevant part that—

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a nonpossessory, nonpurchase-money security interest in any . . . tools of the trade of the debtor . . . .

11 U.S.C. § 522(f)(1)(B)(ii).  Although the property claimed exempt by the Schleys is deemed exempt because no one objected, 11 U.S.C. § 522(*l*), Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644 (1992), the creditors are not precluded from raising exemption issues in objection to a lien avoidance motion.  Matter of Schoonover, 331 F.3d 575, 578 (7th Cir. 2003); In re Streeper, 158 B.R. 783, 787 (Bankr. N.D. Iowa 1993). The debtors bear the burden of proving each element of lien avoidance. In re Streeper, 158 B.R. at 786.

Cooperative Credit objects to the lien avoidance motion only as to Julie Schley. It contends that she is not engaged in farming and argues that

---

[1] The Schleys cited Iowa Code § 627.6(11) for exemption of a farmer's tools of the trade.  After the statute was amended in 2007, this subsection was renumbered as § 627.6(12).

4

its liens in farm equipment and machinery therefore do not impair an exemption to which she would otherwise be entitled.

The motion to avoid lien, filed December 21, 2010, stated:

> That at the time of filing of the Petition, Debtors had an ownership interest in the following farm equipment: IH 806 Tractor - $1,200.00 (full value: $3,500) Hay Swather - $4,000.00; Skidloader - $4,500; hay racks - $1,200.00, Honey Wagon - $100.00; Manure spreader - $9,000 The debtors are claiming $20,000 worth of equipment exempt.

Doc. 16. The listing of $1,200.00 rather than the full value of the IH 806 tractor appears to be the debtors' method of limiting their total exemption to $20,000. At filing, the debtors' Schedule C merely claimed exempt the joint interests in all of their farm equipment to the extent of $20,000. The debtors did not amend Schedule C to correspond with their motion to avoid liens. The court construes the motion as seeking to avoid liens only to the extent of exemptions, resulting in partial avoidance of liens on the tractor. The extent of the lien affects the amount the debtors must promise to pay secured creditors under Bankruptcy Code § 1225(a)(5) to obtain plan confirmation.

On January 27, 2011, the debtors amended their lien avoidance motion stating:

> That at the time of filing of the Petition, Debtors had an ownership interest in the following farm equipment:
>
> Debtor: Julie Schley claims exempt: IH 806 Tractor - $1,200.00 (full value: $3,500) Hay Swather - $4,000.00; hay racks - $1,200.00

5

>Debtor: Gary Schley claims exempt: Manure spreader - $9,000.00; Skidloader - $1,000.00

Doc. 30. Although the Schleys own all the items jointly, the amended motion designated certain items as the separate exempt property of one or the other of them. The filing was an effort to satisfy the objection of Peoples Bank. Again, the debtors did not amend Schedule C to correspond with the motion. The amended motion may not have been necessary. None of the parties takes the position that if Julie Schley is a farmer she must actually use each piece of equipment in order to claim it exempt. See Brief (doc. 51) at 2 n.1.

Because the decision of the court is that both debtors are engaged in farming, the motion to avoid liens will be granted as to the five items listed, to the extent of the dollar amount specified. The motion will be granted as to the manure spreader, hay swather and hay racks to the full extent of their value, and as to the skid loader to the extent of $1,000 and the IH 806 tractor to the extent of $1,200.

The issue whether a debtor is engaged in farming for purposes of Iowa exemption is essentially the same as whether the debtor is engaged in the farming trade for lien avoidance purposes. In re Indvik, 118 B.R. 993, 1005 (Bankr. N.D. Iowa 1990). The court must "take into account the intensity of a debtor's past farming activities and the sincerity of his intentions to

6

continue farming, as well as evidence that debtor is legitimately engaged in a trade which currently and regularly uses the specific implements or tools exempted and on which lien avoidance is sought." Production Credit Assn. of St. Cloud v. LaFond (In re LaFond), 791 F.2d 623, 626 (8th Cir. 1986).

In some cases, "the intensity of a debtor's past farming activities and the sincerity of his intentions to continue farming" are at issue because the debtor has temporarily ceased farming. In In re LaFond, the debtors had lost their farm to foreclosure, their equipment was being stored on someone else's property, and their primary source of income was Jerome LaFond's job as a police officer. In re LaFond, 61 B.R. 303, 306 (D. Minn. 1985). In In re Indvik, 118 B.R. at 1007-08, the debtor had not planted crops for the two years prior to filing his bankruptcy petition and did not expect to be able to have crops in the current year, but had a sincere intention to farm in the future. In the present case, the Schleys have had a farm operation for 16 years. No one has challenged their eligibility to file a petition under Chapter 12, which requires the debtor to be a "family farmer." 11 U.S. §§ 109(f), 101(18), (19). The issue in this case is whether Julie Schley herself is engaged in the trade of farming.

It is well established that a debtor may be a farmer for purposes of lien avoidance even if the debtor has income from an off-farm job. In In re

7

LaFond, the joint debtors were both held to be farmers even though most of the household income came from the husband's employment as a police officer. 791 F.2d at 625. Full-time employment in another profession is not an absolute bar to claiming Iowa exemptions in farm machinery and equipment as tools of the trade. In Matter of Myers, 56 B.R. 423 (Bankr. S.D. Iowa 1985), although both debtors were full-time teachers, they were still engaged in farming for the purpose of avoiding liens on exempt tools of the trade. The Iowa Supreme Court has not adopted a "percentage of income" test or "percentage of time worked" test for claiming an exemption for tools of the trade. "The only requirement, in addition to working at the trade or profession, is that the work contribute to the debtor's support." Myers, 56 B.R. at 426 (discussing Equitable Life Assurance Soc. of U.S. v. Goode, 101 Iowa 160, 70 N.W. 113 (1897)).

    The Schleys' case is distinguishable from the case of in In re Indvik. In that case, the only evidence of Melva Indvik's involvement with the farm operation was that she "ran errands to pick up parts." 118 B.R. at 1007. Despite her off-farm employment, Julie Schley has done significant work for the farm. She has more time available in the summer, and her work doing the more traditional farming activities has typically increased in the summer. Nevertheless, she has done a wide variety of tasks, including some work

with animals, operating equipment, reviewing and executing loan documents, dealing with suppliers of goods and services, and doing bookkeeping work including balancing the checkbook.

It is not relevant that Julie Schley is not paid for doing bookkeeping work. In re Schmitt, 56 B.R. 708, 711 (Bankr. N.D. Iowa 1986). Bank officer Mark Vermeer stated that a number of recent bills had been paid for by checks signed by Gary Schley. This observation did not rebut Julie's testimony that she does bookkeeping.

Cooperative Credit argues that the alfalfa crop does not contribute to the family's support. Existing and future crops could be fed to animals or sold. The court does not find it significant that some of the 2010 crop is still being stored.

Moreover, not every activity must generate revenue in order to be a legitimate part of a farm operation. For example, keeping farm buildings in repair and cleaning livestock areas do not directly generate revenue, nor do paying bills and balancing the checking account. A number of cases have cited keeping books for a farm operation as an activity that supports a finding of being engaged in farming. See, e.g., Matter of Crozier, 1987 WL 1416815 at *2 (Bankr. S.D. Iowa 1987); In re Schmitt, 56 B.R. at 709; Johnson v. Farmers Home Admin. (Matter of Johnson), 54 B.R. 976, 977 &

9

n.1 (Bankr. W.D. Mo. 1985). The court finds that the Schleys have shown that Julie Schley is engaged in farming.

IT IS ORDERED that the motion to avoid liens is granted. The nonpossessory, nonpurchase-money security interests of Peoples Bank, Cooperative Credit Company and Ag Quest Financial Services in the debtors' manure spreader, hay swather, hay racks, skid loader to the extent of $1,000.00, and IH 806 tractor to the extent of $1,200.00, are avoided.

Dated and Entered:  April 7, 2011

William L. Edmonds, Bankruptcy Judge